■ NICHOLAS MASCIOTTI, Respondent, v. A. A. TRUCK RENTING CORP., Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant A. A. Truck Renting Corp. appeals from two orders of the Supreme Court, Westchester County, dated February 6, 1974 and February 25, 1974, respectively, (1) the first granting plaintiff's motion for summary judgment and an assessment of damages and denying said defendant's cross motion for leave to amend its answer and (2) the second denying said defendant's motion for reargument, etc. Appeal from order dated February 25, 1974 dismissed, without costs. No appeal lies from an order denying a motion which was, in substance, for reargument. Order dated February 6, 1974 modified by (1) striking therefrom the second and third decretal paragraphs, which granted plaintiff's said motion and directed an assessment to proceed, and (2) substituting therefor a provision denying plaintiff's said

motion. As so modified, said order is affirmed, without costs. Plaintiff's injuries were caused in March, 1972 by a truck, of which appellant was the owner-lessor, when it was driven by an alleged employee of the lessee. Appellant's answer to the complaint, served in February, 1973, admitted that the truck had been operated with appellant's consent. Upon averments by plaintiff describing the accident, his motion for summary judgment was granted erroneously, for appellant had no knowledge of the facts underlying plaintiff's claim (*Rowden* v. *National Car Rental*, 36 A D 2d 762). Insofar as the order denied appellant's cross motion for leave to amend its answer to deny that the truck's driver had operated the vehicle with appellant's consent because, in violation of the lease, the driver was not licensed, we affirm. We do so first on the ground that appellant is charged with constructive consent as a matter of law (*MVAIC* v. *Continental Nat. Amer. Group Co.*, 35 N Y 2d 260). We affirm the denial of appellant's cross motion for the further reason that appellant knew or should have known from the time of the accident in March, 1972 that the driver of the truck had been charged by a police officer with being an unlicensed driver. Notwithstanding that fact, appellant made no prompt inquiry of the Department of Motor Vehicles, but relied on the lessee's allegedly false statement of the driver's license number, the falsity of which it discovered 20 months later, when plaintiff's motion for summary relief caused appellant to investigate further. Upon the papers before us, we are unable to say that plaintiff was not prejudiced by his reliance upon appellant's answer and, hence, our discretion is not moved in favor of granting the cross motion. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.